UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MAY and JUDITH MAY, as husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.<br><br>Defendants. | Case No.: 3:18-cv-2632-CAB-(AGS)<br><br>**ORDER GRANTING DEFENDANT LEAVE TO FILE A THIRD PARTY COMPLAINT**<br>**[Doc. No. 11]** |

Currently before the Court is Defendant Allstate Insurance Company's ("Allstate") motion for Leave to File Third Party Complaint. [Doc. No. 11.] As of the date of this order, Plaintiffs have not filed a response in opposition. The Court finds the motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted.

Background

On October 18, 2018, Plaintiff brought suit in the Superior Court of the State of California against Defendant Allstate Insurance Company ("Allstate") asserting Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing [Doc. No. 1-2]. Plaintiffs allege that on February 21, 2018, their primary residence (the Subject Property) was

1

damaged by sudden water intrusion that was covered under the Insurance Policy issued by Defendant, but that Defendant denied the claim. [Doc. No. 1 at ¶ 7.]

Allstate now seeks leave to file a third party complaint against Mission Restoration and Express Dry, the contractors who performed the demolition and restoration work on the Subject Property. [Doc. No. 11-1 at 6.] Allstate contends that despite being asked on numerous occasions to stop removing and disposing of materials until after Allstate is notified of the loss and consulted regarding the proper response, Mission Restoration and Express Dry removed and disposed of evidence of water damage at the Subject Property before informing Allstate. [*Id.*] This disposal of evidence resulted in Allstate being unable to properly investigate Plaintiffs' claim, which, in turn, led to the denial of Plaintiffs' insurance claim. [*Id.*]

Discussion

Federal Rule of Civil Procedure 14(a) provides for service of a third-party impleader complaint upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the claim against it. Defendant need not obtain leave of the court to serve and file a third-party complaint, if is it filed within 10 days after defendant serves its original answer to the complaint in the main action. Fed. R. Civ. P. 14(a)(1). In all other circumstances, leave of the court to serve and file a third party complaint must be sought by motion. *Id.*

The purpose of impleader is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against the parties secondarily or derivatively liable to the defendant on account of the plaintiff's claim. *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to permit a third party claim under Rule 14 is left to the sound discretion of the trial court. *Id*. But since the rule is designed to reduce multiplicity of litigation, it is construed liberally in favor of allowing impleader. *Lehman v. Revolution Portfolio L.L.C.,* 166 F.3d 389, 394 (1st Cir. 1999).

Here, Defendant's reasons for filing a third-party complaint against Mission Restoration and Express Dry meets the standard set forth in Federal Rule 14(a) because

Allstate's liability to the Mays is dependent on the outcome of Allstate's counterclaim against Mission Restoration and Express Dry. Allstate may be entitled to equitable indemnity, contribution, and declaratory relief from Mission Restoration and Express Dry in proportion to their level of responsibility for plaintiffs' damages. Moreover, Defendant has submitted its motion timely before the January 18, 2019, cutoff to join other parties. [*See* Doc. No. 10 at 1.] In addition, any prejudice to Plaintiffs by the addition of Mission Restoration and Express Dry is minimal, the claims arise from the same factual setting and involve the same witnesses and evidence, discovery has only just commenced, and the trial date in this case is set for December 9, 2019. Finally, such prejudice is greatly outweighed by the judicial efficiency of having all of the claims regarding the Subject Project and related insurance policy adjudicated in the same forum. Accordingly, Defendant's motion for leave to file a third party complaint is **GRANTED**.

Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS** as follows:

1) Defendant's motion for leave to file a third party complaint is **GRANTED**;
2) Defendant shall file the third party complaint no later than **March 7, 2019**, and shall serve the complaint on the third party as expeditiously as possible;
3) Within three days of this order, the parties shall contact the chambers of Magistrate Judge Andrew Schopler to schedule a status/case management conference to discuss the need to extend discovery and reset pre-trial dates once the third party has appeared in the action.

It is **SO ORDERED**.

Dated: February 14, 2019

Hon. Cathy Ann Bencivengo
United States District Judge